UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

MICHAEL R. MAEDER and
KATHLEEN M. MAEDER,                                          Bk. No.: 1-07-04644-MJK

Debtors.

GREATER NIAGARA FRONTIER COUNCIL,
BOY SCOUTS OF AMERICA, INC.,

Plaintiff,

-against-                                                    A.P. No. 08-01076-MJK

KATHLEEN M. MAEDER,

Defendant.

## NOTICE OF MOTION FOR JUDGMENT BY DEFAULT

PLEASE TAKE NOTICE that on Wednesday, June 25, 2008 at 10:00 a.m., or as soon thereafter as counsel can be heard, plaintiff Greater Niagara Frontier Council, Boy Scouts of America, Inc. will move the United States Bankruptcy Court for the Western District of New York (Hon. Michael J. Kaplan presiding) at Olympic Towers, 300 Pearl Street, Suite 250, Buffalo, New York 14202 for an order pursuant to Federal Rule of Civil Procedure 55, incorporated by reference in Federal Rule of Bankruptcy Procedure 7055, and pursuant to the Local Rules of Bankruptcy Procedure, directing the Clerk of the Court to enter the fact of defendant Kathleen Maeder's default, if necessary, and granting the Plaintiff judgment by default

declaring debtor-defendant Kathleen Maeder's debt to the Plaintiff to be non-dischargeable pursuant to 11 U.S.C. 523(a)(4), and granting such other relief as is just and proper.

DATED:     June 16, 2008
               Buffalo, New York

                                     JAECKLE FLEISCHMANN & MUGEL, LLP
                                     *Attorneys for Greater Niagara Frontier Council,*
                                     *Boy Scouts of America, Inc.*

                                     By: _____
                                         Joseph W. Allen, Esq., of Counsel
                                     12 Fountain Plaza
                                     Buffalo, New York 14202
                                     (716) 856-0600

862809

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

MICHAEL R. MAEDER and
KATHLEEN M. MAEDER,   Bk. No.: 1-07-04644-MJK

Debtors.

GREATER NIAGARA FRONTIER COUNCIL,
BOY SCOUTS OF AMERICA, INC.,

Plaintiff,

-against-   A.P. No. 08-01076-MJK

KATHLEEN M. MAEDER,

Defendant.

# MOTION FOR JUDGMENT BY DEFAULT

Greater Niagara Frontier Council, Boy Scouts of America, Inc. (the "Plaintiff"), by its undersigned counsel, hereby moves the Court for an order (1) directing the Clerk of the Court to enter the fact of the defendant-debtor Kathleen M. Maeder's default, if necessary, pursuant to F.R.C.P. 55(a) (incorporated by referenced in F.R.B.P. 7055) and (2) granting the plaintiff judgment by default pursuant to F.R.C.P. 55(b)(2) on its Complaint and declaring the Defendant's debt to the Plaintiff non-dischargeable under 11 U.S.C. §523(a)(4), and respectfully states as follows:

1. On November 9, 2007 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. In 2004, prior to the Petition Date, Debtor Kathleen Maeder pled guilty to stealing over $200,000 from the Plaintiff through 2003 while she was employed by the Plaintiff. As part of her plea and sentencing, the Debtor agreed to pay restitution to the Plaintiff.

3. The Debtors did not list the proper address for the Plaintiff in their bankruptcy schedules. Thus, the Plaintiff did not receive notice of this bankruptcy proceeding until after the deadline to object to the discharge of debts had expired.

4. The Debtors' bankruptcy case was closed on March 4, 2008.

5. By Notice of Motion and Motion dated March 12, 2008, the Plaintiff moved to reopen this bankruptcy case so as to permit it to file a nondischargeability complaint as against the Defendant.

6. By order entered March 31, 2008, the Court reopened the bankruptcy case to permit the Plaintiff to file a nondischargeability complaint. A copy of the order is attached hereto as **Exhibit A**.

7. The Plaintiff commenced this adversary proceeding by filing its Complaint on April 4, 2008. A copy of the Complaint is attached hereto as **Exhibit B**.

8. On April 14, 2008, counsel for the Plaintiff served the Summons and Complaint upon the Defendant and her bankruptcy attorney Robert C. Baron, Esq. A copy of the Summons, with its completed Certificate of Service, is attached hereto as **Exhibit C**.

9. The Defendant's time to answer expired on May 7, 2008. The Defendant has not filed an answer or any response or pleading to the Complaint.

10. Upon information and belief, the Defendant is not in the military service of the United States. On May 8, 2008 I caused the Department of Defense Manpower Data Center to be searched and the results indicated that the Defendant is not in the active duty of the United States military. A copy of the affidavit of non-military service is attached hereto as **Exhibit D**.

11. F.R.C.P. 55(a) provides as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

F.R.C.P. 55(b)(2) provides as follows:

> **(b) Entering a Default Judgment.**
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>> (A) conduct an accounting:
>> (B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

12. The Plaintiff filed application with the Clerk of the Court to enter the fact of the default (but not judgment) pursuant to F.R.C.P. 55(a). However, relying on the decision in *Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860 (B.A.P. 2d Cir. 1997), the Clerk's Office advised that inasmuch as the Defendant is a debtor, even the fact of default can be entered only upon notice and motion.

13. Thus, to the extent necessary, the Plaintiff asks the Court to direct the Clerk to enter the fact of the Defendant's default pursuant to F.R.C.P. 55(a).

14. Further, the Plaintiff requests the Court to enter judgment by default determining that the Defendant's debt to the Plaintiff is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

15. §523(a)(4) provides that:

> **(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

16. Attached hereto as **Exhibit E** is a copy of the transcript from the Defendant's August 4, 2004 sentencing. The Defendant had pled guilty to grand larceny in the second degree (see Transcript 8-9) in connection with her theft from the Plaintiff. As a condition

of her probation, the Defendant was ordered to pay restitution for the benefit of the Plaintiff. (See Transcript 11).

17. Clearly, the Defendant's debt to the Plaintiff constitutes "larceny" as set forth in §523(a)(4) and should not be discharged.

18. The Plaintiff will present any further testimony or evidence requested by the Court to prove its entitlement to the relief requested.

WHEREFORE, the Plaintiff requests entry of an order (a) directing the Clerk of the Court, if necessary, to enter the fact of the Defendant's default pursuant to F.R.C.P. 55(a), and (b) granting judgment by default to the Plaintiff pursuant to F.R.C.P. 55(b)(2) and declaring the Defendant's debt to the Plaintiff to be non-dischargeable pursuant to 11 U.S.C. §523(a)(4), and (c) granting such other relief as is proper.

DATED: June 10, 2008
Buffalo, New York

JAECKLE FLEISCHMANN & MUGEL, LLP
*Attorneys for Greater Niagara Frontier Council, Boy Scouts of America, Inc.*

By:_____
Joseph W. Allen, Esq., of Counsel
12 Fountain Plaza
Buffalo, New York 14202
(716) 856-0600

862814